IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DINAH ABBOTT, | |
| Plaintiff, | |
| v. | Civil Action No. 3:07–CV–406 |
| DEPARTMENT OF STATE POLICE, *et al.* | |
| Defendants. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss by Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed as Docket Entry No. 4.

On June 1, 2007, Trooper Anthony Ilacqua, a member of the Virginia State Police, issued Dinah Abbott a citation for failing to obey a traffic sign after she made a left turn from the right lane of a highway exit ramp. Ms. Abbott subsequently filed suit against Trooper Ilacqua and the Virginia State Police, alleging that Ilacqua's conduct violated the Constitution of the United States and "Uniform Bonding Codes," and that his actions constituted piracy. (Compl. at 2.) Defendants moved to dismiss Ms. Abbott's claims on the grounds of Eleventh Amendment immunity, that Ms. Abbott failed to state a cognizable claim, and that the Court lacks jurisdiction over her claims because they are insubstantial.

For the reasons stated below, Defendants' Motion shall be GRANTED, and this suit shall be DISMISSED.

**I.**

**A.     Eleventh Amendment immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court has applied the Eleventh Amendment to a suit by a person against her own state, establishing that a state "may not be sued by private individuals in federal court" without the state's consent.  Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  In addition to states, the Eleventh Amendment protects state agencies and individuals acting in an official capacity.  See Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997); Andrews v. Daw, 201 F.3d 521, 523 (4th Cir. 2000) (ruling that the Eleventh Amendment protected a highway patrolman against a suit arising from a traffic stop).

Thus, in general, a federal court lacks subject matter jurisdiction over a claim brought by a private individual against a state, a state agency, or an individual acting in an official capacity. See id. at 525 n.1 (observing that the Fourth Circuit has also regarded a dismissal on Eleventh Amendment grounds as a dismissal for failure to state a claim).  Although Congress may limit the states' Eleventh Amendment immunity, provided that it acts "pursuant to a valid grant of constitutional authority," Garrett, 531 U.S. at 363, Congress has not done so with respect to the types of allegations made by Ms. Abbott, see Andrews, 201 F.3d at 523.  And, although a state may waive its Eleventh Amendment immunity, Madison v. Virginia, 474 F.3d 118, 129 (4th Cir. 2006), the state of Virginia has not done so with respect to Ms. Abbott's claims.  Thus, her suit against the Virginia State Police and Trooper Ilacqua acting in his official capacity is barred.

**B.      Failure to state a claim**

A court may dismiss a suit if the plaintiff fails to state a claim for which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate only if "it appears certain that the plaintiff can prove no set of facts which would support its claim and entitle it to relief." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. May 10, 2007).  In evaluating whether a plaintiff has stated a cognizable claim, a court must accept as true all factual allegations in the complaint.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (June 4, 2007).  In addition, the court must construe all facts in the light most favorable to the plaintiff. Trimble Navigation Ltd., 484 F.3d at 705.  However, the court does not have to "accept as true mere legal conclusions couched as factual allegations."  Papasan v. Allain, 478 U.S. 265, 286 (1986).

Under this standard, Ms. Abbott's complaint is not sufficient.  She alleges that Trooper Ilacqua "detained her without probable cause," (Compl. at 1), and committed piracy by "trying to obtain money or information without authorization," violating 18 U.S.C. §1651 (Compl. at 2). She also charges Defendants with "committing sedition, treason, and malfeasance."  (Compl. at 2).  However, Ms. Abbott's Complaint does not contain any factual allegations that, even when accepted as true and construed in the light most favorable to her, support her conclusions about the legality of Trooper Ilacqua's conduct.  Ms. Abbott also alleges that her name is her property because it is copyrighted, and thus that Trooper Ilacqua took her property without compensation by keeping a copy of the ticket he issued her, which bore her signature.  This allegation, even if it is viewed generously, does not support any legal claim that the Court recognizes.

## II.

In light of the reasons stated above, the Court does not need to reach the other grounds for dismissing this suit suggested by Defendants in their Motion to Dismiss.  Thus, Defendants' Motion to Dismiss shall be GRANTED and this case shall be DISMISSED by an order to be issued.

>                        /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this __4th__ day of September 2007